# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 4:08cr0631 CAS/TCM |
| LARON R. IVY, ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the undersigned in a pro se motion by defendant, Laron Ivy, to dismiss the indictment against him for violation of the Interstate Agreement on Detainer Act. The Government opposes the motion.

The dispositive facts are as follows.

Defendant was indicted in this case on November 5, 2008, on charges of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Four months earlier, on July 25, Defendant had been sentenced to a five-year term of imprisonment on state criminal charges. (Def. Mem. at 1; State v. Ivy, No. 2106R-05362-01 (Mo. Cir. Ct. 2008) (available at https://www.courts.mo.gov/casenet/cases/searchDockets.do).) On January 12, 2009, the United States District Court for the Eastern District of Missouri lodged a detainer against Defendant for the federal criminal charge. (Def. Ex. A; Gov't Ex. 1.)

On the second, and last, page of the detainer there is a paragraph providing that the detainer has been read to the prisoner and the prisoner has been informed of his right to demand a speedy trial within 180 days of the U.S. Attorney and the District Court receiving the executed copy of the detainer. (Id.) The second sentence of this paragraph reads, "I (do) (do not) demand a speed trial on the charge(s)." (Id.) The prisoner is to execute the

paragraph, and his signature is to be witnessed with the witness signing his own name.  (Id.)

The copy of the detainer submitted by Defendant with his motion has a line through "(do not)," thereby indicating that he demanded a speedy trial.  (Def. Ex. A at 2.)  The demand was executed on January 21, 2009.  (Id.)

The copy of the detainer submitted by the Government does not have a line drawn through *either* the "(do)" or the "(do not)."  (Gov't Ex. 1 at 2.)  The Court has inspected the copy of the executed detainer received by, and maintained in, the U.S. Marshal's Office and finds that there is no line drawn through the "(do)" or the "(do not)."

Article III(a) of § 2 of the Interstate Agreement on Detainers, 18 U.S.C. App. 2, Art. III(a), requires that a prisoner against whom a detainer has been lodged be brought to trial within 180 days after he has caused to be delivered "his request for a final disposition to be made of the indictment . . . ."  Adequate notice of the demand must be "actually received." **United States v. Dooley**, 580 F.3d 682, 685 (8th Cir. 2009); accord **United States v. Neal**, 564 F.3d 1351, 1353-54 (8th Cir.), cert. denied, 130 S.Ct. 1012 (2009).  The notice received in the instant case is silent as to whether Defendant was demanding a speedy trial.

Accordingly,

**IT IS HEREBY RECOMMENDED** that the motion to dismiss be **DENIED**.  [Doc. 6]

The parties are advised that they have **fourteen (14)** days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in waiver of the right to appeal questions of fact.

                                          <u>/s/ Thomas C. Mummert, III</u>
                                          THOMAS C. MUMMERT, III
                                          UNITED STATES MAGISTRATE JUDGE

Dated this <u>14th</u> day of June, 2010.